This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                        **NO. 30,936**

**JOCLYN TELLES,**

     Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant-Appellant Joclyn Telles (Defendant) appeals her conviction for battery on a police officer. We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

In her memorandum in opposition, Defendant continues to argue that the district court erred in excluding the testimony of an expert witness. [MIO 3-5] As we explained at greater length in the notice of proposed summary disposition, insofar as the witness was unable to render an opinion, [MIO 2] we fail to see how his testimony could either have been relevant or of assistance to the jury. *See generally State v. Downey,* 2008-NMSC-061, ¶ 30, 145 N.M. 232, 195 P.3d 1244 (observing that " expert testimony is inadmissible under Rule 11-702 unless it will assist the trier of fact," and further noting that this requirement goes primarily to relevance). The memorandum in opposition contains no further argument or authority to persuade us otherwise. As a result, we conclude that the exclusion of his testimony was well within the district court's discretion.

Defendant also renews her challenge to the exclusion of two potential witnesses as a discovery sanction. [MIO 5-6] As we previously stated, in light of Defendant's failure to fulfill her responsibility to facilitate interviews despite numerous continuances, given the dim prospects of obtaining interviews in the future, and

because the probative value of the witnesses' testimony was speculative at best, the exclusion of their testimony appears to have been reasonable and appropriate. *See generally State v. Harper*, 2010-NMCA-055, ¶ 22, 148 N.M. 286, 235 P.3d 625 (observing that Rule 5-503 encompasses witness interviews, and characterizing the facilitation of such interviews as a responsibility), *cert. granted*, 2010-NMCERT-006, 148 N.M. 584, 241 P.3d 182; *cf. State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (listing various factors to be taken into consideration). Because the memorandum in opposition contains nothing substantive to alter our assessment, we conclude that the district court did not abuse its discretion.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, Defendant's conviction is AFFIRMED.

**IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**